Bob POWELL and Linda
Powell, Appellants

v.

VAVRO, McDONALD, AND ASSOCI-
ATES, L.L.C., d/b/a Sun Country
Travel, Appellee.

No. 05–03–00491–CV.

Court of Appeals of Texas,
Dallas.

June 16, 2004.

Bertran T. Bader, III, Bertran T. Bader, III, P.C., Dallas, for appellants.

Michael C. Wright, Dallas, for appellee.

Before Justices BRIDGES, FRANCIS and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Bob and Linda Powell purchased a membership in the Platinum Plus Grand Getaways Vacation and Travel Club from Vavro, McDonald, and Assoc., L.L.C. d/b/a Sun Country Travel ("Sun Country Travel"). After the Powells discovered that Sun Country Travel had an unsatisfactory rating with the Dallas Better Business Bureau, that the travel package included undisclosed restrictions, and that it could have been purchased on-line for less, the Powells demanded rescission of the contract and a full refund of the purchase price. When Sun Country Travel refused the Powells' demand, they filed suit for fraud and violation of the Deceptive Trade Practices Act.

Sun Country Travel filed a motion for summary judgment, both traditional and no evidence, and moved the trial court to grant summary judgment in its favor because it asserted that the Powells had received a full refund of the charges to their credit card and that the Powells had suffered no damages. The trial court granted summary judgment and stated the following in its Final Judgment:

> Plaintiffs presented a motion to the Court to continue the no evidence portion of the Motion and to consider the Motion only as a traditional motion for summary judgment. The Court, being of the opinion that this cause can be resolved by considering the Motion only under TEX.R. CIV. P. 166a(c), considered the Motion only as a traditional motion for summary judgment. The Court further considered Plaintiff's Objections to Defendant's Summary Judgment Evidence, and after considering the same, concluded that the objections are, in all things, **OVERRULED.**

The trial court also stated in its judgment that "Plaintiffs ... received a refund of the purchase price by a credit from their credit card company, which left them with no damages...."

The Powells contend that the trial court erred in overruling their objections to Sun Country Travel's summary judgment evidence and in granting summary judgment because Sun Country Travel failed to es-

tablish that the Powells were not entitled to damages as a matter of law. We reverse and remand for proceedings consistent with this opinion.

## STANDARD OF REVIEW

The standard of review applied in summary judgment cases is well established. The issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *S.W. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Id.* The defendant as movant must present summary judgment evidence that negates an element of the plaintiff's theory of recovery. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Elliott–Williams Co. v. Diaz,* 9 S.W.3d 801, 803 (Tex.1999). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq,* 899 S.W.2d at 197. If the trial court's order specifies the ground relied on for the summary judgment ruling, the summary judgment can be affirmed only if the theory relied on by the trial court is meritorious. *State Farm*

*Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

It is not necessary for us to consider the standard of review for a no evidence motion because the trial court specified that it continued the no evidence motion and granted summary judgment on the traditional rule 166a(c) motion.

## OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

In their first issue, the Powells complain that the trial court erred when it overruled their objections to Sun Country Travel's summary judgment evidence. More specifically, they assert that a sworn affidavit by DeWayne Armstrong, Sun Country Travel's customer service manager, and a series of documents attached to another affidavit sworn to by Armstrong, were not admissible because of Armstrong's lack of personal knowledge and because the documents constituted hearsay.

In the first affidavit, Armstrong stated that the Powells' credit card account was credited with $3943.00, the dollar amount the Powells paid for the travel package. He stated that in a series of transactions, Sun Country was ultimately debited the $3943.00. Concurrently, the Powells were eventually credited the $3943.00. Armstrong stated that he had personal knowledge of this information because he "received notice of a chargeback from TIB Card Services regarding charges for the purchase price of the Club membership on plaintiffs' MasterCard. Charges were refunded to plaintiffs and debited from Sun Country...."

To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to matters stated therein.

TEX.R. CIV. P. 166a(f); *Larson v. Family Violence and Sexual Assault Prevention Center of South Texas,* 64 S.W.3d 506, 511 (Tex.App.-Corpus Christi 2001, pet. denied). Armstrong stated that he based his assertion of the fact that there had been a refund to the Powells upon information that he obtained from a third party. Consequently, Armstrong's statements were based on hearsay, not personal knowledge, and were not admissible as summary judgment evidence.

In his second affidavit, Armstrong stated that "I am the custodian of records for Sun Country Travel," and "[t]he attached business records were received from TIB Card Services and reference MasterCard refunds given to Plaintiff." The documents that were attached constituted hearsay because they were statements offered in evidence to prove the truth of the matter asserted—that the Powells had received a full refund for the purchase price of the travel package. *See* TEX.R. EVID. 801(d). To overcome the hearsay objection, Sun Country Travel had to establish that the documents satisfied the business records' exception of rule 803(6) of the rules of evidence. It had to lay the proper foundation for the exception by showing that (1) the documents were made and kept in the course of a regularly conducted business activity, (2) it was the regular practice of the business activity to make the documents, (3) the documents were made at or near the time of the event that it recorded, and (4) the documents were made by a person with knowledge who was acting in the regular course of business. *Diversified Financial Systems, Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.,* 99 S.W.3d 349, 355–56 (Tex. App.-Fort Worth 2003, no pet.). Armstrong could not lay the proper foundation for the admission of the documents because he was not a qualified witness to testify about the record keeping of another entity; thus, the documents were not admissible as summary judgment evidence. *See Matrix Computing, Inc. v. Davis,* 554 S.W.2d 288, 291–92 (Tex.Civ.App.-Amarillo 1977, no pet.); *see also Atchison, Topeka & Santa Fe Ry. Co. v. Lone Star Steel Co.,* 498 S.W.2d 512, 513–14 (Tex.Civ.App.-Texarkana 1973, no pet.). The trial court erred when it overruled the Powells' objections to Sun Country Travel's summary judgment evidence. We sustain issue one.

## GRANTING SUMMARY JUDGMENT

In their second issue, the Powells complain that the trial court erred when it granted summary judgment because Sun Country Travel failed to conclusively demonstrate that the Powells had no damages. The only summary judgment evidence offered by Sun Country Travel were the affidavits discussed above. Because we have concluded that the Powells' objections to that evidence should have been sustained, we also conclude that Sun Country Travel did not offer competent summary judgment evidence to prove, as a matter of law, that at least one element of each of the Powells' causes of action could not be established. As a result, the trial court erred when it granted summary judgment in favor of Sun Country Travel on the issue of damages, and we sustain issue two.

It is unnecessary to address the Powells' third issue concerning the safe harbor provision of the DTPA because of our rulings on their first two issues. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.