COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARINA MARTINEZ, | § | |
| | | No. 08-07-00031-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 346th District Court |
| MIDLAND CREDIT MANAGEMENT, INC., | § | |
| | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC#2006-675) |
| | § | |
| | § | |

**O P I N I O N**

Appellant, Marina Martinez, appeals the trial court's grant of summary judgment in favor of Appellee, Midland Credit Management, Inc. ("Midland"). Because Midland's summary judgment evidence does not establish that there are no genuine issues of material fact as a matter of law, we reverse the judgment of the trial court and remand this case.

**BACKGROUND**

Midland brought suit against Martinez on February 9, 2006,[1] to recover on a debt allegedly owed by Martinez. Midland alleged that it "and/or its Predecessor" extended credit to Martinez for the purchase of one or more items of goods, wares, merchandise, or services or for cash advances. Midland alleged that Martinez accepted the credit extended by making charges on the credit card account. Midland attached an affidavit to its petition that contained an exhibit which Midland stated was "[a] brief summary of the account." Midland alleged that "[t]his account represents a summary total of a transaction or series of transactions of which a systematic record has been kept." The

_____

[1] All subsequent dates herein are in 2006.

affidavit does not contain the printed name of the affiant, but appears to have been signed "E. Mart" (the "Mart Affidavit").  The attached exhibit contains what appears to be a computer-generated, single-page document that includes Martinez's name, address, an account number, and a balance of $2,076.74.  Midland further alleged that Martinez defaulted in making payments on the debt incurred, that it had demanded payment from Martinez, and that the balance, after all offsets, credits, and payments, was $2,076.74.  Midland sought judgment in the amount of the debt, plus attorney's fees, pre-judgment interest, post-judgment interest, and costs of court.

On March 20, Martinez, representing herself, filed an answer, which was handwritten in Spanish, but she did not serve a copy on Midland.  At a default hearing on September 6, the trial court and counsel for Midland realized for the first time that there was an answer on file.  On October 4, Midland filed its Motion for Summary Judgment.  Midland listed an "Affidavit of a representative of the Plaintiff" and an "Affidavit of an attorney for Plaintiff" as evidence supporting summary judgment.  Midland summarized the evidence as follows:

a.	Plaintiff testifies through the Affiant on the affidavit on file here that a total balance of $2076.74 is due and payable to Plaintiff by Defendant.

b.	Plaintiff testifies through said Affiant that the total amount of the account is due Plaintiff by Defendant and all just and lawful offsets, payments, and credits have been allowed.

c.	Plaintiff testifies through said Affiant that though demand for payment has been made on Defendant, payment for the amount owing has not been tendered.

>  d.  Plaintiff testifies through the attached affidavit by an attorney as to the issue of reasonable and necessary attorney's fees.

The affidavit of Midland's attorney concerning reasonable and necessary attorney's fees was, however, the only affidavit attached to the motion.

On October 18, Martinez and Midland's attorney attended a status hearing. The trial court cautioned Martinez to retain or consult with counsel and advised her to seek pro bono legal services, if she did not have the money to hire an attorney. The trial court also notified Martinez of the time and date of the hearing on Midland's motion for summary judgment. Martinez obtained counsel and filed objections to Midland's summary judgment evidence and a response. Martinez objected to the Mart Affidavit on the grounds that it was not attached to Midland's motion, was defective for lack of personal knowledge, was based on hearsay, and was conclusory. Martinez also argued in her response that Midland failed to present any evidence that it had an agreement with her or that it owned the account in question. Martinez also filed an amended answer that contained a general and verified denial of Midland's claim.[2]

The trial court granted Midland's motion for summary judgment and awarded it $2,076.74 in damages, $486.81 in pre-judgment interest, post-judgment interest at 8.25 percent, $311.51 in attorney's fees, and costs of court. Martinez moved for a new trial, based on many of the same arguments that she had asserted in her summary judgment response and objections. The trial court denied the motion. On appeal to this Court, Martinez argues that the summary judgment evidence was legally and factually insufficient to support judgment in favor of Midland. Martinez asks this

---

[2] In her Objections to Plaintiff's Summary Judgment Evidence and Response to Plaintiff's Motion for Summary Judgment, Martinez argued that, while Midland's petition was vague, it appeared to assert a claim for suit on a sworn account. Martinez, citing *Bird v. First Deposit Nat'l Bank*, 994 S.W.2d 280 (Tex. App.--El Paso 1999, pet. denied), argued that Midland was not entitled to proceed on a sworn account theory to recover a credit card debt. At the hearing on Martinez's Motion for New Trial, Midland argued that its claim was one for breach of contract. In its Response Brief, Midland reiterated that it had not filed a suit on a sworn account.

Court to reverse and render judgment in her favor, or alternatively, to reverse and remand this case to the trial court.

## DISCUSSION

### A. Standard of Review

We review a summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Bowen v. El Paso Elec. Co.*, 49 S.W.3d 902, 904 (Tex. App.--El Paso 2001, pet. denied). To prevail on a summary judgment motion, the movant must establish that there are no genuine issues of material fact issue and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). Once the movant establishes a right to judgment as a matter of law, the burden shifts to the non-movant to produce evidence raising a genuine issue of material fact. *Id.*; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). We take as true all competent evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)). Where the trial court's grant of summary judgment does not state the grounds upon which it relied for its ruling, the summary judgment must be affirmed if any of the theories advanced is meritorious. *Aguilar v. Morales*, 162 S.W.3d 825, 835 (Tex. App.--El Paso 2005, pet. denied) (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).

### B. The Mart Affidavit

Martinez argues that the Mart Affidavit is defective because it is not based on personal knowledge and because it fails to meet the requirements of the hearsay exception contained in Texas Rule of Evidence 803(6). The Mart Affidavit recites that the affiant is "personally acquainted with the facts herein stated." The affidavit further recites:

2.     I am employed by Plaintiff, and I am custodian of the records of Plaintiff. Attached hereto are [sic] 1 page of records kept by Plaintiff in the regular course of business concerning account(s) # 4405600400097218. It was the regular business of Plaintiff and/or its Predecessor for an employee of Plaintiff and/or its Predecessor, with knowledge of the act, event, condition, opinion, or diagnosis recorded; and the record was made at or near the time of the event recorded or reasonable [sic] soon thereafter. The records attached hereto are exact duplicates of the originals.

3.     These records show that a total balance of $ 2076.74 is due and payable to Plaintiff by Defendant(s).

The Rules of Civil Procedure require that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See* TEX. R. CIV. P. 166a(f). The Rules of Evidence, however, provide the following hearsay exception:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

TEX. R. EVID. 803(6).

We have held that:

The predicate for admissibility under the business records exception is established if the party offering the evidence establishes that the records were generated pursuant to a course of regularly conducted business activity and that the records were created by or from information transmitted by a person with knowledge, at or near the time of the event.

*Brooks v. Housing Auth. of City of El Paso*, 926 S.W.2d 316, 321 (Tex. App.--El Paso 1996, no writ).

Business records that have been created by one entity, but which have become another entity's primary record of the underlying transaction may be admissible pursuant to rule 803(6). *Garcia v. Dutcher Phipps Crane & Rigging Co.*, No. 08-00-00387-CV, 2002 WL 467932, at \*1 (Tex. App.--El Paso March 28, 2002, pet. denied) (mem. op., not designated for publication); *see also GT & MC, Inc. v. Texas City Refining, Inc.*, 822 S.W.2d 252, 257 (Tex. App.--Houston [1st Dist.] 1991, writ denied) (invoices received from outside vendors were admissible upon testimony by custodian of records as to the procedure by which the invoices became the company's business records). In addition, a document can comprise the records of another business if the second business determines the accuracy of the information generated by the first business. *Id.; see also Duncan Dev., Inc. v. Haney*, 634 S.W.2d 811, 812-13 (Tex. 1982) (subcontractors' invoices became integral part of builder's records where builder's employees' regular responsibilities required verification of the subcontractor's performance and verification of the accuracy of the invoices); *Cockrell v. Republic Mortgage Ins. Co.*, 817 S.W.2d 106, 112-13 (Tex. App.--Dallas 1991, no writ) (testimony by employees of mortgage insurer that documents received from a loan servicer were kept in the ordinary course of business and formed the basis for an insurance payment satisfied the requirements of rule 803(6)).

Although rule 803(6) does not require the predicate witness to be the record's creator or have personal knowledge of the content of the record, the witness must have personal knowledge of the manner in which the records were prepared. *In re K.C.P.*, 142 S.W.3d 574, 578 (Tex. App.--Texarkana 2004, no pet.). Documents received from another entity are not admissible under rule 803(6), if the witness is not qualified to testify about the entity's record keeping. *See Powell v. Vavro, McDonald, & Assoc., L.L.C.*, 136 S.W.3d 762, 765 (Tex. App.--Dallas 2004, no pet.) (custodian of records for travel agency was not qualified to testify as to records received from third-

party company, showing credits to customers' credit card account). In this case, the affiant does not provide any information that would indicate that he (or she) is qualified to testify as to the record-keeping practices of the "predecessor." The affiant does not identify the predecessor, nor does he provide any information concerning the acquisition of the attached record. The affiant does not indicate in any way that he has any knowledge of the predecessor's record-keeping policies or that the records are trustworthy. In fact, the affiant does not even provide his full name. As such, the Mart Affidavit did not satisfy the requirements of rule 803(6), and the trial court erred by admitting it.

Midland does not address this issue, but argues that summary judgment was proper because Martinez admitted to owing the debt in her original answer. However, seven days prior to the date set for hearing on Midland's motion for summary judgment, Martinez amended her original answer to include a general denial and a verified denial of Midland's allegations. Martinez's original answer was therefore a superceded pleading. Statements contained in a superceded pleading are not conclusive and indisputable judicial admissions. *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (amended petition filed seven days prior to summary judgment hearing precluded summary judgment based on admissions contained in superceded petition); *see also Tyra v. Bob Carroll Const. Co.*, 618 S.W.2d 853, 856 (Tex. Civ. App.--El Paso 1981), *aff'd*, 639 S.W.2d 690 (Tex. 1982) (admissions contained in a superceded pleading are not binding on the pleader). In order to rely on a superceded pleading as summary judgment evidence, the movant must introduce it into evidence as any other admission before it may be considered as evidence. *MBank Brenham, N.A. v. Barrera*, 721 S.W.2d 840, 842 (Tex. 1986) (motion for summary judgment based on admission in superceded pleading was defective, unless a copy of the pleading was attached with supporting affidavits or other authentication). Because Midland did not include the superceded pleading in its

summary judgment evidence, it could not be considered.

Additionally, "[a] motion for summary judgment must itself expressly state the grounds upon which it is made, and must stand or fall on these grounds alone." *Guereque v. Thompson*, 953 S.W.2d 458, 466 (Tex. App.--El Paso 1997, pet. denied) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)). Midland made no mention of the superceded pleading or the purported admission in its motion for summary judgment. It was therefore no ground for a summary judgment. Because we sustain Martinez's issue in this regard, we do not address her remaining issue.[3]

## **CONCLUSION**

The only summary judgment evidence offered by Midland, other than the Mart Affidavit, was the affidavit of its attorney concerning attorney's fees. Midland offered no admissible evidence concerning its claim, and the trial court erred when it granted summary judgment in favor of Midland. The judgment of the trial court is reversed and this case is remanded to the trial court.

KENNETH R. CARR, Justice

March 13, 2008

Before Chew, C.J., McClure, and Carr, JJ.

---

[3] Martinez also argues that the Mart Affidavit may not be considered as summary judgment evidence, because it was attached to Midland's petition and not to the motion for summary judgment. Because we have sustained Martinez's issue regarding admissibility of the affidavit, we do not address this issue. Nevertheless, we note this Court's opinion in *Menchaca v. Menchaca*, 679 S.W.2d 176, 178 (Tex. App.--El Paso 1984, no writ).