NUMBER 13-09-00026-CV


COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CYNTHIA B. ABREGO, Appellant,


v.


HARVEST CREDIT MANAGEMENT VII,

LLC, AS ASSIGNEE OF CHASE BANK

USA, N.A., Appellee.

 
 

On appeal from the 117th District Court

 of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela

 Memorandum Opinion by Chief Justice Valdez


 Appellant, Cynthia B. Abrego, appeals from a traditional summary judgment granted
in favor of appellee, Harvest Credit Management VII, LLC, as assignee of Chase Bank
USA, N.A. ("Harvest Credit"). By her sole issue, Abrego argues that the trial court erred
in granting summary judgment because the affidavit relied upon by Harvest Credit in
establishing its right to summary judgment is substantively defective. We reverse and
remand.

I. Background

 On January 2, 2008, Harvest Credit filed suit against Abrego on the basis of breach
of contract for allegedly failing to pay debt acquired with a Chase Bank credit card. Abrego
filed an answer wherein she denied (1) ever having a contractual relationship with Harvest
Credit, (2) that all conditions precedent to the filing of the lawsuit had been performed, and
(3) "the genuineness of any indorsement or assignment of any alleged written instrument
upon which this suit is brought."

 On June 12, 2008, Harvest Credit filed a traditional motion for summary judgment
and attached an affidavit signed by David Ravin (the "Ravin Affidavit"), as an "authorized
agent" for Harvest Credit. Abrego filed a response to Harvest Credit's motion for summary
judgment and objected to the Ravin Affidavit on the grounds that Ravin lacked personal
knowledge to make the affidavit, the affidavit contained statements based on hearsay, and
it was conclusory. On October 15, 2009, the trial court held a hearing on Harvest Credit's
motion for summary judgment and Abrego's response. The trial court overruled Abrego's
objections to Ravin's affidavit and the accompanying records, granted summary judgment
in favor of Harvest Credit, and awarded Harvest Credit $13,628.25 as the balance due on
the account and $1,200 in attorney's fees. 

 Abrego moved for a new trial, but her request was subsequently overruled by
operation of law. See Tex. R. Civ. P. 329b(c). This appeal ensued.

II. Discussion

 In her sole issue, Abrego contends that the trial court erred when it overruled her
objections to Harvest Credit's summary judgment evidence. Specifically, Abrego asserts
that a sworn affidavit by Ravin, as well as a series of attached documents, were not
admissible because of Ravin's lack of personal knowledge and because statements in his
affidavit were conclusory and based on hearsay. We agree. 

A. Standard of Review

 We review the trial court's granting of a traditional motion for summary judgment de
novo. See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex., 253 S.W.3d 184, 192
(Tex. 2007); Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.-Corpus Christi 2003, no
pet.). When reviewing a traditional summary judgment, we must determine whether the
movant met its burden to establish that no genuine issue of material fact exists and that
the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); see Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The movant bears the burden of proof in
a traditional motion for summary judgment, and all doubts about the existence of a genuine
issue of material fact are resolved against the movant. See Sw. Elec. Power Co., 73
S.W.3d at 215. We consider all the evidence in the light most favorable to the nonmovant,
indulging every reasonable inference in favor of the nonmovant and resolving any doubts
against the movant. See Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 756
(Tex. 2007) (per curiam) (citing Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (per
curiam); Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam)). 
When the trial court's judgment does not specify which of several grounds proposed was
dispositive, we affirm on any ground offered that has merit and was preserved for review. 
See Joe v. Two Thirty Nine J.V., 145 S.W.3d 150, 157 (Tex. 2004). 

B. Analysis 

 Texas Rule of Civil Procedure 166a(f) provides that summary judgment affidavits
"shall be made on personal knowledge, shall set forth such facts as would be admissible
in evidence, and shall show affirmatively that the affiant is competent to the matters stated
therein." Tex. R. Civ. P. 166a(f). The Ravin Affidavit provides, as follows:

 1. My full name is David Ravin. I am an authorized agent for Plaintiff,
Harvest Credit Management VII, LLC as assignee of Chase Bank U.S.A.,
N.A.[] I am competent to testify in this matter related to this account
concerning the account of Cynthia B[.] Abrego, account number
XXXXXXXXXXX11710. These said 26 pages of records are kept by Harvest
Credit Management VII, LLC as assignee of Chase Bank USA, N.A.[ ] Based
on the documentation as provided by the original creditor and kept in the
regular course of business, and it was the regular course of business of
Harvest Credit Management VII, LLC as assignee of Chase Bank USA, N.A.
for a representative of Harvest Credit Management VII, LLC as assignee of
Chase Bank USA, N.A., with knowledge of the act, event, condition, opinion,
or diagnosis, information thereof to be included in such record as provided
by the original creditor; and the record was made at or near the time or
reasonably soon thereafter [sic]. The records attached hereto are originals
or an exact duplicate of the original.


 2. Plaintiff's business records for the account reflect that the just and
true balance due and owing by the Defendant on the account is $13,628.25
according to the business records provided to Plaintiff by the original creditor
or its assignee at the time the account was purchased together with interest
and other applicable costs as allowed by law.


The twenty-six pages attached to the Ravin Affidavit include: (1) eight Chase Bank
monthly statements; (2) a "Bill of Sale" from Chase Manhattan Bank USA, N.A. to
CreditMax LLC; (3) a "Bill of Sale" from CreditMax LLC to Harvest Credit; and (4) a Chase
Bank "Cardmember Agreement." Abrego contends that the Ravin Affidavit, by which
Harvest Credit sought to authenticate these documents, fails to meet the requirements of
the business records exception to the hearsay rule. See Tex. R. Evid. 803(6). 

 "'Hearsay' is a statement, other than one made by the declarant while testifying at
the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R.
Evid. 801(d). The proponent of hearsay has the burden of showing that the testimony fits
within an exception to the general rule prohibiting the admission of hearsay evidence. 
Volkswagen of Am. v. Ramirez, 159 S.W.3d 897, 908 n.5 (Tex. 2004). The predicate for
the introduction of a record under the business records exception requires proof that: (1)
the record was made by or from information transmitted by a person with personal
knowledge of the events or conditions recorded; (2) the record was made at or near the
time of the events or conditions recorded; and (3) that it was in the ordinary course of the
reporting entity's business to make and keep such records. See Tex. R. Evid. 803(6);
Thomas v. State, 226 S.W.3d 697, 705 (Tex. App.-Corpus Christi 2007, pet. dism'd). 
These requirements may be demonstrated through the accompanying affidavit of a
qualified person. See Tex. R. Evid. 902(10). 

 "Business records that have been created by one entity, but which have become
another entity's primary record of the underlying transaction may be admissible pursuant
to rule 803(6)." Martinez v. Midland Credit Mgmt., Inc., 250 S.W.3d 481, 485 (Tex. App.-El
Paso 2008, no pet.). However, "[d]ocuments received from another entity are not
admissible under rule 803(6), if the witness is not qualified to testify about the entity's
record keeping." Id. (citing Powell v. Vavro, McDonald, & Assoc., L.L.C., 136 S.W.3d 762,
765 (Tex. App.-Dallas 2004, no pet.)). While the witness need not be the record's creator
or have personal knowledge of the record's contents, the witness is required to have
personal knowledge of the manner in which the records were prepared. Id. A witness may
be qualified to testify about another entity's documents if there is testimony that documents
obtained by assignment were kept in the ordinary course of business and formed the basis
for ongoing transactions. See Cockrell v. Republic Mortgage Ins. Co., 817 S.W.2d 106,
112 (Tex. App.-Dallas 1991, no writ).

 A bill of sale attached to the Ravin Affidavit indicates that on November 27, 2006,
Harvest Credit purchased "certain [a]ccounts described in Exhibit 'A'" from CreditMax LLC. 
Exhibit A is a bill of sale between Chase Bank and CreditMax dated June 12, 2006. By its
June 2006 bill of sale, Chase Bank "assign[ed] . . . all rights, title, and interest" to
"judgments or evidences of debt described in Exhibit 1" to CreditMax LLC. However,
neither a document entitled "Exhibit 1," nor any evidence indicating specifically what was
assigned from Chase Bank to CreditMax is attached to the Ravin Affidavit. (1) Without such
evidence, the Ravin Affidavit fails to establish that Abrego's Chase Bank account was ever
assigned to Harvest Credit. Moreover, in his affidavit, Ravin does not state that he has
personal knowledge of, or is qualified to testify regarding: (1) either CreditMax LLC's or
Chase Bank's record keeping practices or policies; or (2) the trustworthiness of the
attached monthly statements from Chase Bank to Abrego. 

 We conclude that the Ravin Affidavit does not satisfy the requirements of rule
803(6), and the trial court erred by admitting it. See Martinez, 250 S.W.3d at 485 (holding
that the affiant was unqualified to testify where he failed to provide any information to
indicate that he was qualified to testify as to the predecessor's record keeping practices). 
Because the only summary judgment evidence offered by Harvest Credit, other than the
Ravin Affidavit, was an affidavit concerning attorney's fees, we conclude that the trial court
erred in granting summary judgment. See id. at 485-86. Accordingly, we sustain Abrego's
sole issue.

III. Conclusion

 The trial court's judgment is reversed and this case is remanded to the trial court for
further proceedings. 

 ROGELIO VALDEZ

 Chief Justice

 


Delivered and filed the 

29th day of April, 2010. 
1. At the summary judgment hearing, Abrego's counsel informed the trial court that "Exhibit 1" was not
attached to the Ravin Affidavit. Accordingly, we note that the missing "exhibit" does not appear to have been
inadvertently excluded from the appellate record.