

NUMBER 13-09-00026-CV

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CYNTHIA B. ABREGO,                                          Appellant,

v.

HARVEST CREDIT MANAGEMENT VII,
LLC, AS ASSIGNEE OF CHASE BANK
USA, N.A.,                                                  Appellee.

On appeal from the 117th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Chief Justice Valdez**

Appellant, Cynthia B. Abrego, appeals from a traditional summary judgment granted

in favor of appellee, Harvest Credit Management VII, LLC, as assignee of Chase Bank

USA, N.A. ("Harvest Credit"). By her sole issue, Abrego argues that the trial court erred in granting summary judgment because the affidavit relied upon by Harvest Credit in establishing its right to summary judgment is substantively defective. We reverse and remand.

## I. BACKGROUND

On January 2, 2008, Harvest Credit filed suit against Abrego on the basis of breach of contract for allegedly failing to pay debt acquired with a Chase Bank credit card. Abrego filed an answer wherein she denied (1) ever having a contractual relationship with Harvest Credit, (2) that all conditions precedent to the filing of the lawsuit had been performed, and (3) "the genuineness of any indorsement or assignment of any alleged written instrument upon which this suit is brought."

On June 12, 2008, Harvest Credit filed a traditional motion for summary judgment and attached an affidavit signed by David Ravin (the "Ravin Affidavit"), as an "authorized agent" for Harvest Credit. Abrego filed a response to Harvest Credit's motion for summary judgment and objected to the Ravin Affidavit on the grounds that Ravin lacked personal knowledge to make the affidavit, the affidavit contained statements based on hearsay, and it was conclusory. On October 15, 2009, the trial court held a hearing on Harvest Credit's motion for summary judgment and Abrego's response. The trial court overruled Abrego's objections to Ravin's affidavit and the accompanying records, granted summary judgment in favor of Harvest Credit, and awarded Harvest Credit $13,628.25 as the balance due on the account and $1,200 in attorney's fees.

Abrego moved for a new trial, but her request was subsequently overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal ensued.

2

## II. Discussion

In her sole issue, Abrego contends that the trial court erred when it overruled her objections to Harvest Credit's summary judgment evidence. Specifically, Abrego asserts that a sworn affidavit by Ravin, as well as a series of attached documents, were not admissible because of Ravin's lack of personal knowledge and because statements in his affidavit were conclusory and based on hearsay. We agree.

### A. Standard of Review

We review the trial court's granting of a traditional motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.). When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The movant bears the burden of proof in a traditional motion for summary judgment, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam) (citing *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam)). When the trial court's judgment does not specify which of several grounds proposed was

dispositive, we affirm on any ground offered that has merit and was preserved for review. *See Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004).

## B.    Analysis

Texas Rule of Civil Procedure 166a(f) provides that summary judgment affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein." TEX. R. CIV. P. 166a(f).  The Ravin Affidavit provides, as follows:

> 1.  My full name is David Ravin.  I am an authorized agent for Plaintiff, Harvest Credit Management VII, LLC as assignee of Chase Bank U.S.A., N.A.[] I am competent to testify in this matter related to this account concerning the account of Cynthia B[.] Abrego, account number XXXXXXXXXX11710.  These said 26 pages of records are kept by Harvest Credit Management VII, LLC as assignee of Chase Bank USA, N.A.[ ] Based on the documentation as provided by the original creditor and kept in the regular course of business, and it was the regular course of business of Harvest Credit Management VII, LLC as assignee of Chase Bank USA, N.A. for a representative of Harvest Credit Management VII, LLC as assignee of Chase Bank USA, N.A., with knowledge of the act, event, condition, opinion, or diagnosis, information thereof to be included in such record as provided by the original creditor; and the record was made at or near the time or reasonably soon thereafter [sic].  The records attached hereto are originals or an exact duplicate of the original.
>
> 2.  Plaintiff's business records for the account reflect that the just and true balance due and owing by the Defendant on the account is $13,628.25 according to the business records provided to Plaintiff by the original creditor or its assignee at the time the account was purchased together with interest and other applicable costs as allowed by law.

The twenty-six pages attached to the Ravin Affidavit include:  (1) eight Chase Bank monthly statements; (2) a "Bill of Sale" from Chase Manhattan Bank USA, N.A. to CreditMax LLC; (3) a "Bill of Sale" from CreditMax LLC to Harvest Credit; and (4) a Chase Bank "Cardmember Agreement."  Abrego contends that the Ravin Affidavit, by which Harvest Credit sought to authenticate these documents, fails to meet the requirements of

4

the business records exception to the hearsay rule.  *See* TEX. R. EVID. 803(6).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  TEX. R. EVID. 801(d).  The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence.  *Volkswagen of Am. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004).  The predicate for the introduction of a record under the business records exception requires proof that:  (1) the record was made by or from information transmitted by a person with personal knowledge of the events or conditions recorded; (2) the record was made at or near the time of the events or conditions recorded; and (3) that it was in the ordinary course of the reporting entity's business to make and keep such records.  *See* TEX. R. EVID. 803(6); *Thomas v. State*, 226 S.W.3d 697, 705 (Tex. App.–Corpus Christi 2007, pet. dism'd).  These requirements may be demonstrated through the accompanying affidavit of a qualified person.  *See* TEX. R. EVID. 902(10).

"Business records that have been created by one entity, but which have become another entity's primary record of the underlying transaction may be admissible pursuant to rule 803(6)."  *Martinez v. Midland Credit Mgmt., Inc.*, 250 S.W.3d 481, 485 (Tex. App.–El Paso 2008, no pet.).  However, "[d]ocuments received from another entity are not admissible under rule 803(6), if the witness is not qualified to testify about the entity's record keeping."  *Id.* (citing *Powell v. Vavro, McDonald, & Assoc., L.L.C.*, 136 S.W.3d 762, 765 (Tex. App.–Dallas 2004, no pet.)).  While the witness need not be the record's creator or have personal knowledge of the record's contents, the witness is required to have personal knowledge of the manner in which the records were prepared.  *Id.*  A witness may

5

be qualified to testify about another entity's documents if there is testimony that documents obtained by assignment were kept in the ordinary course of business and formed the basis for ongoing transactions. *See Cockrell v. Republic Mortgage Ins. Co.*, 817 S.W.2d 106, 112 (Tex. App.–Dallas 1991, no writ).

A bill of sale attached to the Ravin Affidavit indicates that on November 27, 2006, Harvest Credit purchased "certain [a]ccounts described in Exhibit 'A'" from CreditMax LLC. Exhibit A is a bill of sale between Chase Bank and CreditMax dated June 12, 2006. By its June 2006 bill of sale, Chase Bank "assign[ed] . . . all rights, title, and interest" to "judgments or evidences of debt described in Exhibit 1" to CreditMax LLC. However, neither a document entitled "Exhibit 1," nor any evidence indicating specifically what was assigned from Chase Bank to CreditMax is attached to the Ravin Affidavit.[1] Without such evidence, the Ravin Affidavit fails to establish that Abrego's Chase Bank account was ever assigned to Harvest Credit. Moreover, in his affidavit, Ravin does not state that he has personal knowledge of, or is qualified to testify regarding: (1) either CreditMax LLC's or Chase Bank's record keeping practices or policies; or (2) the trustworthiness of the attached monthly statements from Chase Bank to Abrego.

We conclude that the Ravin Affidavit does not satisfy the requirements of rule 803(6), and the trial court erred by admitting it. *See Martinez*, 250 S.W.3d at 485 (holding that the affiant was unqualified to testify where he failed to provide any information to indicate that he was qualified to testify as to the predecessor's record keeping practices). Because the only summary judgment evidence offered by Harvest Credit, other than the

---

[1] At the summary judgment hearing, Abrego's counsel informed the trial court that "Exhibit 1" was not attached to the Ravin Affidavit. Accordingly, we note that the missing "exhibit" does not appear to have been inadvertently excluded from the appellate record.

Ravin Affidavit, was an affidavit concerning attorney's fees, we conclude that the trial court erred in granting summary judgment. *See id.* at 485-86. Accordingly, we sustain Abrego's sole issue.

### III. CONCLUSION

The trial court's judgment is reversed and this case is remanded to the trial court for further proceedings.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of April, 2010.