**AFFIRMED as Modified; Opinion Filed April 14, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00872-CV

**HENRY PHILIP CASTILLON, Appellant**
**V.**
**MICHELLE MISSY MORGAN, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-54113-2010**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Myers

Henry Philip Castillon appeals from the trial court's division of the parties' estate in this suit for dissolution of his marriage with Michelle Missy Morgan. Castillon brings three issues contending the trial court erred by (1) finding the parties had an informal marriage before their formal marriage; (2) characterizing certain property as community property instead of Castillon's separate property; and (3) failing to include Castillon's recovery of $3,917 in tax payments in the final decree. We modify the trial court's judgment to delete the finding of informal marriage, and we affirm the judgment as modified.

### PRO SE PARTIES

Castillon is pro se before this Court. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply

with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

## BACKGROUND

Before April 2006, the parties were living together, jointly owned a house, and had a child, but they were not married. According to Morgan, the parties agreed in April 2006 to be married. On April 23, 2006, Castillon signed a purchase agreement for a house. Included in the purchase agreement was a "Homebuyer Information Sheet," which Castillon filled in stating his "Spouses [sic] Full Name" was "Missy Morgan." Castillon testified they never had an informal marriage and that he wrote Morgan's name on the Homebuyer Information Sheet because they were engaged at the time and had "the intention of being married and to share—share the home together." The parties had a formal marriage ceremony on August 25, 2007.

In 2010, Morgan filed a petition for divorce, and Castillon later filed a counterpetition. The parties agreed to the division of property for most items, but they could not reach an agreement concerning the characterization or division of the house and of certain financial accounts in Castillon's name. In a trial before the court, Castillon testified that the house and the financial accounts were his separate property. Morgan testified Castillon had contributed to the accounts during the marriage. In a written summary of her testimony of the relief she requested, which the trial court admitted as an exhibit, Morgan stated the accounts were community property. The trial court determined that the parties had an informal marriage before their formal marriage. The court divided the retirement and stock funds equally between the parties.

## STANDARD OF REVIEW

An appellate court reviews a trial court's division of the community estate under an abuse of discretion standard. *Reisler v. Reisler*, 439 S.W.3d 615, 619 (Tex. App.—Dallas 2014, no pet.). The trial court is afforded broad discretion in dividing the community estate, and an appellate court must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *Id.* A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Id.* A trial court abuses its discretion when it acts arbitrarily or unreasonably, without any reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). To determine whether the trial court abused its discretion, an appellate court considers whether the trial court: (1) had sufficient evidence upon which to exercise its discretion; and (2) erred in its exercise of that discretion. *Reisler*, 439 S.W.3d at 619. When deciding whether the trial court abused its discretion, the legal and factual sufficiency of the evidence are not independent grounds of reversible error but constitute factors relevant to an appellate court's assessment of whether the trial court abused its discretion. *Id.*

The parties did not timely request findings of fact and conclusions of law,[1] and the trial court did not make findings of fact and conclusions of law. When no findings of fact and conclusions of law were timely requested or filed, it is implied that the trial court made all findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Beck v. Walker*, 154 S.W.3d 895, 902 (Tex. App.—Dallas 2005, no pet.).

---

[1] A party must request findings of fact and conclusions of law within twenty days after the judgment is signed. TEX. FAM. CODE ANN. § 6.711 (West 2006); TEX. R. CIV. P. 296. In this case, the trial court signed the judgment on May 26, 2013. The twentieth day after May 26, 2013 was June 15, 2013, which was a Saturday. Therefore, Castillon's request was due the following Monday, June 17, 2013. *See* TEX. R. CIV. P. 4. Castillon filed his request on June 18, 2013, which was not timely. Therefore the trial court was not required to make findings of fact and conclusions of law. *See Williams v. Kaufman*, 275 S.W.3d 637, 642 (Tex. App.—Beaumont 2009, pet. denied).

The judgment will be upheld on any legal theory that finds support in the evidence. *Niskar v. Niskar*, 136 S.W.3d 749, 754 (Tex. App.—Dallas 2004, no pet.).

We review the implied findings of fact for legal and factual sufficiency, and we review the trial court's implied legal conclusions de novo. *In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no pet.). When addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding, but evidence that amounts to no more than a scintilla is legally insufficient to support a finding. *Wilson*, 168 S.W.3d at 813; *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)); *see also Wilson*, 168 S.W.3d at 813 ("evidence does not rise above a scintilla (and thus is legally insufficient) if jurors would have to guess whether a vital fact exists."). In a factual sufficiency review, we view all the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence such that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.).

In a divorce decree, the trial court shall order a division of the parties' estate in a manner that the trial court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (West 2006). The property division need not be equal, and the trial court may consider many factors when exercising its broad discretion to divide the community estate. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Reisler*, 439 S.W.3d at 620. The party complaining of the trial court's division of the property has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *Reisler*, 439 S.W.3d at 620–21.

## INFORMAL MARRIAGE

In his first issue, Castillon contends the trial court erred by finding in the judgment that "the parties were informally married prior to their formal marriage on August 25, 2007." Castillon asks that we correct the judgment.

Section 2.401 of the family code provides that a party may prove an informal marriage "by evidence that . . . the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." TEX. FAM. CODE ANN. § 2.401(a)(2) (West 2006). Whether an informal marriage exists is a question of fact, and the party seeking to establish the existence of the marriage has the burden of proving the three elements of an informal marriage. *Nguyen v. Nguyen*, 355 S.W.3d 82, 88 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

Castillon asserts the evidence was legally insufficient to support the trial court's determination that the parties held themselves out to others as married. The element of the couple holding themselves out as married requires more than occasional references to each other as "wife" and "husband." *Smith v. Deneve*, 285 S.W.3d 904, 910 (Tex. App.—Dallas 2009, no pet.). "The couple's reputation in the community as being married is a significant factor in

determining the holding out element." *Id.* (quoting *Danna v. Danna*, No. 05-05-00472-CV, 2006 WL 785621, at *1 (Tex. App.—Dallas Mar. 29, 2006, no pet.) (mem op.)).

In this case, Morgan testified the couple held itself out to others as married in 2006 because their joint car insurance showed she was his spouse, and some life insurance policies listed her as the spouse. She also testified, "We represented ourselves as married," but she did not state to whom or how frequently they made the representation. The record contains evidence indicating the parties were not informally married, including evidence that before their formal marriage, Morgan used her maiden name, she did not have or wear a wedding ring, she received an engagement ring in February 2007 (ten months after they supposedly entered into an informal marriage), and she filed her taxes as a single person in 2006 and 2007. Castillon's sister testified she never saw them introduce themselves as married before their formal marriage, but she stated she saw them only a couple of times a year. Castillon testified he wrote Morgan's name as his spouse on the Homebuyer Information Sheet because he had "the intention of being married and to share—share the home together."

In *Smith v. Deneve*, we concluded there was no more than a scintilla of evidence of the element of the couple representing to others that they were married when the evidence showed the woman accepted a ring, they introduced each other as husband and wife and they did not object when others introduced them as husband and wife (but the record did not show whether these introductions were common or rare), and they were listed as husband and wife on certain contracts. *Smith*, 285 S.W.3d at 909–10. The parties did not present any evidence that they had a reputation in the community for being married. *Id.* We stated, "It would be sheer speculation for us to infer from Smith's evidence that he and Deneve sufficiently held themselves out to the community as married to satisfy the third element." *Id.*

In this case, Morgan did not wear a wedding ring. She testified that she and Castillon "represented ourselves as married," but she presented no evidence of the frequency of this representation. She testified that they were listed as husband and wife on life and auto insurance policies, and the record shows Castillon listed her as his spouse on the Homebuyer Information Sheet. However, there was no evidence that anyone in the community saw the insurance forms or the Homebuyer Information Sheet. Morgan presented no evidence of their reputation in the community for being married.

Following our decision in *Smith*, we must conclude there was not more than a scintilla of evidence that Morgan and Castillon had an informal marriage. *See id.* at 909–10; *see also Danna v. Danna*, No. 05-05-00472-CV, 2006 WL 785621, at *1–2 (Tex. App.—Dallas Mar. 29, 2006, no pet.) (no more than a scintilla of evidence of informal marriage when evidence showed couple introduced themselves as married four times in two years, man gave woman a Valentine card that read "For My Wife," and AARP form listed woman as wife). Accordingly, the evidence was legally insufficient, and the trial court erred by finding the parties were informally married before their formal marriage on August 25, 2007. We sustain Castillon's first issue.

## FINANCIAL ACCOUNTS

In his second issue, Castillon contends the trial court erred by characterizing as community property the stock and retirement accounts in his name. Castillon asserted the investments in those accounts were made before the parties married and that they were entirely his separate property. Castillon offered the account statements prepared by the financial institutions into evidence to prove the value of the accounts at the time of the marriage and the time of the trial, but Morgan objected to the account statements as hearsay, and the trial court sustained the objection. Castillon then testified to the accounts' value on the date of their formal marriage and at the time of the trial. Castillon asserted the entire amounts in the accounts were

separate property, and he made no attempt to isolate any separate property from any community property that might be in the accounts.

Property possessed by either spouse during or on the dissolution of marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2006). Property owned before marriage, or acquired during marriage by gift, devise, or descent, is separate property. *Id.* § 3.001. The degree of proof necessary to establish that property is separate property is clear and convincing evidence. *Id.* § 3.003(b). The party seeking to establish the separate character of property must trace and clearly identify the property in question as separate by clear and convincing evidence. *Pearson v. Pilgrim*, 332 S.W.3d 361, 363 (Tex. 2011).

When the burden of proof is clear and convincing evidence, we review the legal sufficiency of the evidence by considering all the evidence in the light most favorable to the finding and determining whether a reasonable juror could have formed a firm belief or conviction that the finding was true. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so, and we disregard all contrary evidence that a reasonable fact finder could have disbelieved or found to be incredible. *Id.*

In reviewing challenges to the factual sufficiency of the evidence, we give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id.* We determine whether the evidence is such that the trier of fact could reasonably form a firm belief or conviction as to the truth of the allegations sought to be established. *Id.* When there is disputed evidence, we must consider whether it is such that a reasonable fact finder could not have reconciled the disputed evidence in favor of its finding. *Id.*

## Admission of the Account Statements

To determine whether the trial court erred in its characterization of the accounts, we must first decide Castillon's contention that the trial court erred by sustaining Morgan's hearsay objections to the account statements created by the financial institutions for the accounts, Respondent's Exhibits 9, 10, 71, 72, 73, and 74. Castillon sought admission of the account statements to establish the value of the accounts near the date of the marriage and the date of trial.

Evidentiary rulings are committed to the trial court's sound discretion. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007). We review a trial court's decision to admit or exclude evidence for an abuse of that discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 264 (Tex. 2012) (quoting *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d) (amended Apr. 1, 2015).[2] Hearsay is not admissible in evidence unless a rule or statute authorizes its admission. TEX. R. EVID. 802. Records of a regularly conducted activity are hearsay, but they are admissible in evidence if a qualified witness testifies (1) the documents were made and kept in the course of a regularly conducted business activity, (2) it was the regular practice of the business activity to make the documents, (3) the documents were made at or near the time of the event that it recorded, and (4) the documents were made by a person with

---

[2] The Texas Rules of Evidence were amended effective April 1, 2015. The amendments were part of a restyling project and changed the wording, although not the substance, of the rules cited in this opinion. However, we apply the version of the rules in place at the time of trial.

knowledge who was acting in the regular course of business. TEX. R. EVID. 803(6); *Powell v. Vavro, McDonald, & Assocs., L.L.C.*, 136 S.W.3d 762, 765 (Tex. App.—Dallas 2004, no pet.). The witness laying the predicate for admission of the records need not be the creator of the evidence or have personal knowledge of the records' contents; but the witness must have personal knowledge of the manner in which the records were prepared. *Riddle v. Unifund CCR Partners*, 298 S.W.3d 780, 783 (Tex. App.—El Paso 2009, no pet.). Documents received from another entity are not admissible under rule 803(6) if the witness is not qualified to testify about the entity's record keeping. *Id.*; *Powell v. Vavro, McDonald, & Assocs., L.L.C.*, 136 S.W.3d 762, 765 (Tex. App.—Dallas 2004, no pet.). In this case, Castillon received the documents from other entities, the financial companies, but he presented no evidence that he had personal knowledge of the manner in which the financial companies prepared the account statements.

However, courts have held that documents received by a party from another entity may constitute admissible business records upon proof by the party that (1) the records are incorporated and kept in the course of the party's business, (2) the party typically relies upon the accuracy of the records' contents, and (3) the circumstances otherwise indicate the documents' trustworthiness. *Nat'l Health Resources Corp. v. TBF Fin. LLC*, 429 S.W.3d 125, 130 (Tex. App.—Dallas 2014, no pet.); *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 240–41 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Even if the trial court erred by denying admission of the exhibits, we cannot reverse unless the record shows the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). Castillon testified that Respondent's Exhibit 10 was account statements for an individual retirement account containing funds rolled over from other 401K retirement accounts, Respondent's Exhibits 71 through 74. The account statements for Respondent's Exhibit 73 and 74 predate the marriage; the account statements in Respondent's Exhibits 71 and

72 include periods after the parties' marriage. Respondent's Exhibit 9 is account statements from a retirement savings plan from August 1, 2007 through February 28, 2013. Statements for each of the accounts for periods after the marriage show cash dividends, interest, or "investment income" was paid on the accounts during the marriage. These payments constituted community property. *See Fischer-Stoker v. Stoker*, 174 S.W.3d 272, 279 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Castillon had the burden to trace the separate-property portions of the accounts and to isolate them from the community property commingled in the accounts. He made no attempt to do so. Instead, Castillon testified, contrary to the account statements, that the only growth in the accounts was due to appreciation, not interest. Because the excluded exhibits did not support Castillon's assertion that the accounts consisted solely of his separate property, we conclude the denial of admission of the account statements did not probably cause the rendition of an improper judgment. Accordingly, any error from the denial of admission of the account statements is not reversible.

### Testimony about Characterization of the Accounts

Castillon testified that after the marriage, he made no further contributions to the financial accounts. He testified to the value of each fund on or around August 25, 2007 and to the current value of each fund. He testified that any growth in the value of the funds was due to "appreciation" and not from payments of interest. Morgan testified that Castillon contributed to the funds during the marriage.

The trial court, as the trier of fact, was the judge of the witnesses' credibility and the weight of their testimony. The court could have concluded that Castillon's testimony, contradicted by Morgan's testimony, was insufficient to provide a firm belief or conviction that the accounts contained only separate property.

–11–

We conclude Castillon has failed to show the trial court erred by characterizing the financial accounts as community property. We overrule Castillon's second issue.

## TAX REIMBURSEMENT

In his third issue, Castillon contends the trial court erred by not including in the judgment the court's ruling that Morgan pay half of the $7,834 of taxes due from the early withdrawal from a 401K to pay the parties' attorney's fees.

At the conclusion of the trial, the court issued a memorandum detailing its decision. The court listed the division of assets and liabilities in exhibits to the memorandum. In one of those exhibits, the court stated that Morgan would pay half the $7,834 of taxes due as a result of the early withdrawal of a 401K account. In the final judgment, the trial court did not order Morgan to pay half of those taxes. Castillon filed a motion for judgment nunc pro tunc and to reform the judgment complaining of the omission, but that motion was filed thirty-one days after the judgment was signed, the trial court had lost plenary power, and the court declined to rule on the motion. *See* TEX. R. CIV. P. 329b(d) (trial court has plenary jurisdiction for thirty days after judgment is signed).

On appeal, Castillon argues the trial court erred by failing to include in the judgment the requirement that Morgan pay half the taxes. Castillon cites no authority in support of his argument. Rule of appellate procedure 38.1(i) states that a party's arguments must contain "appropriate citations to authorities." TEX. R. APP. P. 38.1(i). Morgan asserts in her appellee's brief that Castillon's failure to cite any authority waived the issue on appeal. Castillon filed a reply brief but again failed to include any citations to authorities in support of this issue. We conclude this issue is not properly briefed and presents nothing for review. *See In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.). We overrule Castillon's third issue.

**CONCLUSION**

We modify the judgment to delete the trial court's finding that the parties had an informal marriage prior to their formal marriage on August 25, 2007, and we affirm the trial court's judgment as modified.

/Lana Myers/
LANA MYERS

130872F.P05                                     JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Henry Philip Castillon, Appellant

No. 05-13-00872-CV          V.

Michelle Missy Morgan, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-54113-2010.
Opinion delivered by Justice Myers. Chief Justice Wright and Justice Evans participating.

In accordance with this Court's opinion of this date, we **MODIFY** the judgment of the trial court by deleting the statement, "The Court finds the parties were informally married prior to their formal marriage on August 25, 2007," and we **AFFIRM** the judgment of the trial court as modified.

It is **ORDERED** that appellee Michelle Missy Morgan recover her costs of this appeal from appellant Henry Philip Castillon.

Judgment entered this 14th day of April, 2015.