**Daniel Adam BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–02–01258–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 1, 2004.

Discretionary Review Refused
Dec. 15, 2004.

BELL v. STATE
91
Cite as 155 S.W.3d 90 (Tex.App.—Hous. [1 Dist.] 2004)

Daniel Adam Bell, La Marque, pro se.

Winston E. Cochran Jr., Rayford L. Carter, Houston, for Appellant.

Alan Curry, Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and BLAND.

## OPINION

JANE BLAND, Justice.

A jury convicted appellant Daniel Adam Bell of felony theft of property valued at over $1,500, and the trial court assessed punishment at confinement for two years. Bell appeals, contending that (1) the trial court erred in admitting business records offered to prove the value of the stolen property, and (2) if his trial counsel's objection to the admission of this evidence failed to preserve error, then he lacked effective assistance of counsel. We conclude that the trial court did not abuse its discretion in admitting the records and, therefore, affirm. As Bell conditioned his ineffective assistance claim upon his trial counsel's failure to preserve error regarding the trial court's admission of the business records, we do not address his second point of error.[1]

## Facts

In December 2001, Bell brought a tractor on a trailer to HeavyQuip, a business that repairs heavy equipment located in Houston, Texas. Bell left the tractor and trailer at HeavyQuip. The trailer that Bell left was "rusty red" in color, and described as "old" and "rusted out." In January 2001, an employee of B & D Construction brought a piece of heavy equipment in need of repair to HeavyQuip on a trailer, and like Bell, left the equipment and trailer on HeavyQuip's property. B & D's trailer was comparable to Bell's trailer in that it was a gooseneck trailer of about the same length, but unlike Bell's trailer, B & D's trailer was "brand-new."

Although HeavyQuip had not finished repairing Bell's tractor, Bell arrived at HeavyQuip several days after B & D left its trailer to check on the status of the repair. Witnesses saw Bell's truck leave HeavyQuip later that day, towing B & D's trailer. B & D filed a claim on Heavy-

---

**1.** See *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (appellant must show deficient performance and prejudice in order to prevail on ineffective assistance claim); *Reno v. State,* 882 S.W.2d 106, 108 (Tex.App.-Fort Worth 1994, pet. ref'd) (if ineffective assistance claim predicated upon properly admitted evidence, ineffective assistance claim fails).

Quip's liability insurance policy, underwritten by St. Paul Guardian Insurance Company ("St.Paul").

At trial, HeavyQuip's records custodian, Ellen Neadom, testified that she communicated with St. Paul and received documents from it regarding B & D's claim. Included among these documents is (1) a letter from St. Paul to HeavyQuip informing HeavyQuip that it had offered to settle B & D's claim for $7,125 and (2) a letter from St. Paul to HeavyQuip reflecting that it had settled B & D's claim for $7,864. The trial court admitted both documents as HeavyQuip's business records, over Bell's hearsay objection.

### The Admission of Evidence

■ A trial court has broad discretion in determining the admissibility of evidence. *Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App.1994). Thus, we will not reverse an evidentiary ruling unless the record shows a clear abuse of discretion. *Williams v. State*, 535 S.W.2d 637, 639–40 (Tex.Crim.App.1976). An abuse of discretion occurs when the trial court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *Galliford v. State*, 101 S.W.3d 600, 604 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd).

Bell contends that the State failed to establish a proper predicate for admitting the two letters, because the State did not offer a business records affidavit or testimony from a St. Paul records custodian. Instead, the State offered the testimony of Ellen Neadom, HeavyQuip's records custodian, to establish a predicate under the business records exception to the hearsay rule. *See* TEX.R. EVID. 803(6). Bell contends that, to meet the hearsay exception set forth in Rule 803(6), "the same 'business activity' must both make and keep the records in question," and thus Neadom's

testimony is an insufficient foundation for admissibility of the letters.

■ Under these facts, we disagree with Bell's assessment. Rule 803(6) of the Texas Rules of Evidence excepts from the hearsay rule:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. 'Business' as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

TEX.R. EVID. 803(6). A document prepared by a third party may be admissible under Rule 803(6) if: (1) it is incorporated and kept in the course of the testifying witnesses' business; (2) that business typically relies upon the accuracy of the contents of the document; and (3) the circumstances otherwise indicate the trustworthiness of the document. *See Harris v. State*, 846 S.W.2d 960, 963–64 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd).

In *Harris*, we held that a certificate of origin from the General Motors Corporation was admissible under Rule 803(6) as the business record of a local automobile dealership, notwithstanding the fact that the State's testifying witness was unaware whether the General Motors employee who created it had personal knowledge of the information contained within it. *Id.* at 963. In *Harris*, we adopted the Tenth Circuit's

analysis in *United States v. Hines*, in which that court held that documents created by a third party incorporated into the regular course of the testifying witness's business are admissible under Federal Rule of Evidence 803(6). *Harris*, 846 S.W.2d at 964 (*quoting United States v. Hines*, 564 F.2d 925, 928 (10th Cir.1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 748, 54 L.Ed.2d 770 (1978)) ("The test of whether such records should be admitted rests on their reliability."). We concluded in *Harris* that the document at issue possessed a high degree of trustworthiness and was kept in the regular course of the testifying witnesses' business, and thus the trial court did not abuse its discretion in admitting the document under Rule 803(6). *See id.*[2]

In *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed.Cir.1999), the Federal Circuit Court of Appeals reached a similar conclusion, specifically with regard to claims for loss or damage to property. In *Air Land*, the Federal Circuit reviewed federal decisions regarding incorporating business records, and observed that courts consider two factors: (1) whether the incorporating business relies on the accuracy of the document incorporated, and (2) the presence of other circumstances indicating the trustworthiness of the document. *Id.* It concluded that third party repair or loss estimates met the reliability test of Rule 803(6), as the estimates had been relied upon to settle property damage claims. *Id.* at 1343–44.

Applying the rule in *Harris* to this case, the trial court heard evidence that HeavyQuip relied upon and incorporated the St. Paul letters into its business records. Neadom testified that she was the legal custodian of the business records for HeavyQuip, and that her responsibilities included notifying HeavyQuip's corporate office in the event that "something turns up missing," so that the corporate office could notify St. Paul of a claim. She testified that the letters are records that HeavyQuip kept in the regular course of its business, and that the letters were created at or near the time of the disappearance of the missing trailer because a claim had been made on HeavyQuip's insurance policy. St. Paul contacted HeavyQuip's Houston office, and Neadom testified that she communicated with and received the letters from St. Paul in connection with those communications. Neadom explained that one letter notifies HeavyQuip that it had offered to settle B & D's claim for $7,125. The other letter is a "closing report" from St. Paul informing HeavyQuip that it had resolved B & D's claim for $7,864. HeavyQuip relied upon the letters in its business, as Neadom testified that HeavyQuip was liable to B & D for the value of the trailer. Thus, St. Paul's payment resolved HeavyQuip's liability for the stolen trailer, and resolved HeavyQuip's claim on its insurance policy.

Moreover, the circumstances indicate the letters' trustworthiness. They identify B & D as the claimant, HeavyQuip as the insured, and that the date of the occurrence giving rise to B & D's claim was January 15, 2002. St. Paul sent the letters to HeavyQuip in compliance with Article 21.56 of the Texas Insurance Code, in order to notify HeavyQuip of the status of the claim made under HeavyQuip's policy. *See* TEX. INS.CODE ANN. art. 21.56 (Vernon Supp.2004). St. Paul's financial interest corresponds to Bell's, as St. Paul was financially responsible for paying B & D's

---

**2.** The Texas Rules of Evidence are patterned after the Federal Rules of Evidence, and thus cases that interpret the federal rules guide us unless the Texas rule clearly departs from its federal counterpart. *Cole v. State*, 839 S.W.2d 798, 801 (Tex.Crim.App.1990).

claim, and thus would seek to resolve the claim within the lowest possible fair market evaluation of the trailer. Finally, HeavyQuip relied upon these letters to show resolution of B & D's claim against it. The evidence thus provides support for the reliability of the letters. We therefore conclude that the trial court did not abuse its discretion in admitting them under the Rule 803(6) business records exception.

### Conclusion

Business records used in one business, created by a third party at their behest, may be admissible under Rule 803(6) of the Texas Rules of Evidence if (1) the incorporating business relies upon the information transmitted in the records in the normal course of its business and (2) the circumstances otherwise indicate the trustworthiness of the document. HeavyQuip incorporated the two letters that St. Paul created into its business records and relied upon them. Moreover, the circumstances indicate their trustworthiness. We therefore conclude that the trial court did not abuse its discretion in admitting the letters, and affirm the trial court's judgment.