Opinion issued July 15, 2010.

 

 

 

 

 

 

 

 



 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00593-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MICHELLE D. SIMIEN, Appellant

 

V.

 

UNIFUND CCR PARTNERS, Appellee

 

 



On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 903573

 

 



OPINION ON REHEARING 

Appellant, Michelle D. Simien, has
filed a motion for en banc reconsideration of our opinion issued on April 15,
2010.  We withdraw our opinion and
judgment of April 15, 2010, and substitute this opinion and judgment in their
place.  Because we issue a new opinion, Simien’s
motion for en banc reconsideration of our prior opinion is moot.  See Richardson‑Eagle, Inc. v. William M.
Mercer, Inc., 213 S.W.3d 469, 472 (Tex. App.—Houston [1st Dist.]
2006, pet. denied).

          In
this lawsuit to collect credit card debt, Simien appeals a judgment following a
bench trial in favor of Unifund CCR Partners (hereafter “Unifund”).  In five issues, Simien challenges the legal
and factual sufficiency of the evidence and contends the trial court erred by
admitting hearsay documents, excluding deposition evidence, awarding attorney’s
fees, and awarding prejudgment interest. 
We conclude the trial court properly admitted evidence, the evidence is
legally sufficient to support the award of damages, and the trial court
properly awarded attorney’s fees and prejudgment interest.  We therefore affirm.

Background

          Simien
opened a credit card account with Citibank. 
The credit card allowed Simien to make charges and receive cash
advances, which she was obligated to repay under the terms of her agreement
with Citibank.  Simien received monthly
statements showing her account expenditures, payments, and monthly balances.  Simien made no attempts to dispute any
information in the monthly statements or the amount showing on the
account.  Simien failed to pay the amount
showing as of December 18, 2002, which was $10,540.51.  Unifund purchased the debt on Simien’s credit
card account from Citibank on November 29, 2005.

          On
September 12, 2007, Unifund filed suit against Simien based on Simien’s failure
to pay the balance on the account. 
Unifund sought $34,600.08 in unpaid principal and interest.  In her answers to requests for admission,
Simien admitted that she breached the credit card agreement, but she did not
admit the damages or the interest rate alleged by Unifund were accurate.

          Over
Simien’s objection at trial, the trial court admitted a business record
affidavit offered by Unifund that was signed by one of its employees, Joseph
Lutz.  Unifund attached documents to the
affidavit, including a Unifund statement; an Assignment to Unifund from
Citibank; three Citibank monthly statements; and a Citibank Card Agreement.  Unifund also attached an affidavit from Kim
Kenney.  Neither affidavit included any
reference to an explicit interest rate that would show how Simien’s principal
debt of $10,540.29 grew to $34,600.08 by July 23, 2007.  Unifund’s attorney also presented live
testimony in support of the reasonableness and necessity of the attorney’s fees
sought.  Unifund offered no other
evidence.   

          In
support of her objection to the Lutz affidavit, Simien offered portions of a
deposition given by Lutz at a previous trial concerning an attempt to collect a
different debt from a different debtor. 
The trial court excluded the deposition, ruling Lutz’s testimony in the
prior case was irrelevant and inadmissible. 
Simien did not personally appear at the trial.  Simien’s attorney did not introduce any
evidence at the trial. 

          The
trial court’s judgment awards Unifund $34,600.08 in damages and $6,000 in
attorney’s fees.  Following the trial,
the court made findings of fact and conclusions of law.  

Admission of Evidence

          In her first two issues, Simien
asserts that the trial court erred by (1) admitting hearsay documents and (2)
excluding a deposition.

          A.      Standard of Review

          Evidentiary
rulings are committed to the trial court’s sound discretion.  Bay Area Healthcare Group, Ltd. v. McShane,
239 S.W.3d 231, 234 (Tex. 2007).  We
review a trial court’s decision to admit or exclude evidence for an abuse of
that discretion.  In re J.P.B.,
180 S.W.3d 570, 575 (Tex. 2005).  A trial
court abuses its discretion when it acts without reference to any guiding rules
and principles.  Garcia v. Martinez,
988 S.W.2d 219, 222 (Tex. 1999).  We must
uphold the trial court’s evidentiary ruling if there is any legitimate basis
for the ruling.  Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998); Oyster Creek
Fin. Corp. v. Richwood Invs. II, Inc., 176 S.W.3d 307, 317 (Tex.
App.—Houston [1st Dist.] 2004, pet. denied).




 

          B.      Admission of Business Records Affidavit

          Simien
contends the affidavit by which Unifund sought to authenticate its business
records under the hearsay exception is inadequate, and the trial court,
therefore, erred by admitting hearsay. 
In her motion for rehearing, Simien contends the business records do not
meet the test for admissibility of third-party documents stated by this Court
in Bell v. State, 176 S.W.3d 90 (Tex.
App.—Houston 2004, no pet.).   

                    1.       The
Rules of Evidence

          “‘Hearsay’
is a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter
asserted.”  Tex. R. Evid. 801(d). 
The proponent of hearsay has the burden of showing that the testimony
fits within an exception to the general rule prohibiting the admission of
hearsay evidence.  Volkswagen of Am.,
Inc. v. Ramirez, 159 S.W.3d 897, 908 n.5 (Tex. 2004).

            Rule 803(6) of the Texas Rules of Evidence
provides the following exception to the hearsay rule for business records:

A . . . record . . . made at or near the time by, or
from information transmitted by, a person with knowledge, if kept in the course
of a regularly conducted business activity, and if it was the regular practice
of that business activity to make the memorandum, report, record, or data
compilation, all as shown by the testimony of the custodian or other qualified
witness, or by affidavit that complies with Rule 902(10), unless the source of
information or the method or circumstances of preparation indicate lack of
trustworthiness.

 

Tex. R. Evid. 803(6); see In re E.A.K.,
192 S.W.3d 133, 141 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  

          The
predicate for admission of the business records may be established “by
affidavit that complies with Rule 902(10).” 
Tex. R. Evid. 803(6).  Rule 902(10) provides that records “shall be
admissible in evidence in any court in this state upon the affidavit of the
person who would otherwise provide the prerequisites of Rule 803(6) or (7).”  Tex.
R. Evid. 902(10)(a).  

          Rule
902(10) provides a form for the affidavit and states the affidavit “shall be
sufficient if it follows this form though this form shall not be exclusive, and
an affidavit which substantially complies with the provisions of this rule
shall suffice . . . .”  Tex. R. Evid. 902(10)(b).  The form specified by the rule is as follows:

                    My
name is _____, I am of sound mind, capable of making this affidavit, and
personally acquainted with the facts herein stated:

 

I am the custodian of the records of _____.  Attached hereto are _____ pages of records
from _____.  These said _____ pages of
records are kept by _____ in the regular course of business, and it was the
regular course of business of _____ for an employee or representative of _____,
with knowledge of the act, event, condition, opinion, or diagnosis, recorded to
make the record or to transmit information thereof to be included in such
record;  and the record was made at or
near the time or reasonably soon thereafter. 
The records attached hereto are the original or exact duplicates of the
original.

 

Id.




 

                    2.       Admissibility
of Third-Party Documents

          A
document authored or created by a third party may be admissible as business
records of a different business if: (a) the document is incorporated and kept
in the course of the testifying witness’s business; (b) that business typically
relies upon the accuracy of the contents of the document; and (c) the
circumstances otherwise indicate the trustworthiness of the document.  Bell,
176 S.W.3d at 92 (citing Tex. R. Evid.
803(6); Harris v. State, 846 S.W.2d
960, 963–64 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d)).  Both Bell
and Harris rely on federal authority
interpreting Federal Rule of Evidence 803(6). 
See Guevara v. Ferrer, 247
S.W.3d 662, 667 n.3 (Tex. 2007) (stating that considering federal precedent
concerning rules of evidence is appropriate); see also, e.g., Air Land
Forwarders, Inc. v. U.S., 172 F.3d 1338, 1343 (Fed. Cir. 1999) (applying
same test as articulated in Bell, 176
S.W.3d at 93).

          In
determining whether the trial court properly admitted the Lutz affidavit, we
apply the three factors in Bell.  See
Bell, 176 S.W.3d at 92.  The Lutz affidavit
states,

The affiant is the designated agent of Unifund CCR
partners (Plaintiff) in the above entitled and numbered cause, and that in such
capacity is authorized to make this affidavit on Plaintiff’s behalf.

 

That the affiant has reviewed the file in this matter
and upon review of the file has personal knowledge of the facts set forth in
this affidavit and is not disqualified from making this affidavit or giving
testimony herein.

 

That affiant is a designated agent and has personal
knowledge of the books and records of the Plaintiff concerning this claim against
Defendant, MICHELLE D. SIMIEN.

 

The attached documents are kept by Plaintiff in the
regular course of its business as permanent records of the company and it was the
regular course of business for an employee with personal knowledge of the act,
event, or condition recorded to make the memorandum or record, or to transmit
the information thereof to be completed in such attached memorandum or record;
and memorandum or record was made at or near the time of the act, event, or
condition recorded or indicated in said record, or reasonably soon thereafter.

 

The Defendant entered into an agreement allowing
Defendant to receive cash advances and/or purchase goods and services at
different places which honored the credit cards as issued.

 

That the attached account [identified by number] is
the original, true and correct account or an exact duplicate thereof of
Defendant, MICHELLE D. SIMIEN, which has been maintained in files under my
supervision and control.

 

In accordance with the agreement, Defendant promised
to pay for the account [identified by number]. 
The Defendant has failed and continues to fail to make payments due on
the account.  There is presently due,
owing and unpaid by the Defendant, MICHELLE D. SIMIEN, the sum of $34,600.08,
as of July 23, 2007.  Within the
affiant’s personal knowledge, this amount is just and true, due and owing, and
all just and lawful offsets, payments and credits have been allowed.

 

                              a.       Incorporated
and Kept in the Course of Business

          The
first factor required by Bell is that
the document be incorporated by the testifying witness’s business.  176 S.W.3d at 92.  Simien contends that Unifund did not present
any evidence to support a conclusion that Unifund adopted the records of
Citibank.  In Bell, the witness testified that the third-party documents were
kept in the regular course of the witness’s business.  Id.
at 93.  The court in Bell also heard evidence from the sponsoring witness, who stated
that the letters were received from the first business at or near the time of
the trailer’s disappearance, the letters were received in response to the
second business’s communications to the first business concerning the second
business, and the second business relied on the letters to show that its
liability for the missing tractor had been settled.  Id.  Like Bell,
Lutz states the documents received from Citibank were “kept by [Unifund] in the
regular course of its business as permanent records of the company.”  Also similar to the affidavit in Bell, Unifund’s adoption of the records
is shown by the Lutz affidavit’s reference to the Simien records by stating
that they have “been maintained in files under [his] supervision and
control.”  Lutz also specifies that he
has reviewed the file, is the designated agent for the file, and that he has
personal knowledge of the books and records concerning Simien.  Because Lutz’s affidavit sufficiently shows Unifund
incorporated the Citibank records, the first prong of Bell is met.  See id.   

          Simien
attempts to distinguish this case from two other cases that have held
third-party documents admissible under the business records exception.  Simien contends that in GT & MC, Inc.
v. Texas City Refining, Inc. and Cockrell
v. Republic Mortgage Insurance Co. additional evidence that is not present
in this case was presented to show the business incorporated the third-party
documents.  In GT, the witness
proving up the business records exception testified that the third-party
documents were marked and processed by the receiving business, including
indicating the date of receipt, the identity of the recipient, whether the
invoices were approved for payment, and who approved the payment.  GT & MC, Inc. v. Tex. City Ref., Inc.,
822 S.W.2d 252, 258 (Tex. App.—Houston [1st Dist.] 1991, writ denied).  This
Court held the evidence was sufficient to show the records had been made by the
receiving business, despite the fact that the documents were initially created
by a third party.  Id.  In Cockrell, there was additional testimony that the third-party documents formed
the basis of the mortgage insurer’s payment to the lender.  Cockrell v. Republic Mortgage Ins. Co.,
817 S.W.2d 106, 112 (Tex. App.—Dallas 1991, no writ).  Simien contends that this additional evidence
is not present in this case and therefore the trial court erred by admitting
the Citibank records.  Both GT & MC and Cockrell were issued before Bell.  Neither case applies the three-step analysis
employed by Bell.  Neither case holds that the additional
evidence Simien identifies is the only means of admitting third-party documents
under the business records exception.  As
noted above, the evidence in this case is similar to the evidence found
sufficient in Bell to show the
business records had been incorporated.




 

                              b.      Reliance
on Accuracy of Documents

          The
second factor in Bell is that the
business incorporating the third-party document relies on the accuracy of the
document.  Bell, 176 S.W.3d at 92.  This
can be shown in a number of different ways. 
In Bell, the third-party
documents at issue were letters from the business’s insurer stating the
business’s liability on a claim had been settled.  Id.
at 93.  Because the business was liable
to the party with whom the insurer settled, this Court found the business
relied on the documents to show the claim had been resolved.  Id.
at 94; see also Brawner v. Allstate Indem.
Co., 591 F.3d 984, 985, 987–88 (8th Cir. 2010) (holding mortgage company’s
evidence that documents informed mortgage company it could begin foreclosure,
which mortgage company did, showed mortgage company relied on documents); Air Land Forwarders, Inc., 172 F.3d at
1341–­43 (holding evidence that military used records to decide how much to
reimburse members showed reliance by military on accuracy of records). 

          We
note that some courts have stated that a document created by one business may
become the records of a second business if the second business “determines the
accuracy of the information generated by the first business.”  Martinez v. Midland Credit Mgmt., Inc.,
250 S.W.3d 481, 485 (Tex. App.—El Paso 2008, no pet.); see also Duncan Dev., Inc., v. Haney, 634 S.W.2d 811, 812–13
(Tex. 1982).  However, these cases do not
hold that verification of accuracy is the sole means of admitting third-party
documents under the business records exception. 
For example, in Duncan
Development, Inc., the records at issue were invoices submitted to Duncan
from its subcontractors.  634 S.W.2d at
812.  The Texas supreme court held that
the invoices were admissible as Duncan’s records because “Duncan utilized a
reliable method of confirming the accuracy of the submitted invoices through
its site supervisors who had personal knowledge of activities at its
construction sites.”  Id. at 813.  As noted above, Bell requires reliance on the accuracy of the document, which is a
slightly different standard than proof that someone actually verified the
accuracy of document.    

 
        Although the second
business’s confirmation of the accuracy of the first business’s records is one
way to determine the records are admissible, another way is to show that the
second business reasonably relied on the accuracy of the first business’s
records as part of the three-step test articulated in Bell.  See Bell, 176 S.W.3d at 92.  Here,
Simien is correct that the Lutz affidavit fails to state that he confirmed the
accuracy of the records, but that is not required under Bell.  See Bell, 176 S.W.3d at 92.  Unifund
presented evidence that it reasonably relied on the accuracy of Simien’s
account from Citibank.  Lutz’s affidavit
states that he reviewed the file, he is the designated agent for the file, he
has personal knowledge of the books and records of Simien concerning this
claim, he has maintained her files under his supervision and control, and that
Simien’s account remains unpaid in the amount stated in his affidavit.  See id.
at 93. 
Similar to the documents in Bell that showed a settled claim,
here Unifund relied on the accuracy of the documents to determine the existence
and value of Simien’s debt that is now due to Unifund.  See id.  

          We
hold the second factor in Bell is
satisfied because the evidence shows Unifund reasonably relied upon the
accuracy of the contents of the documents it received from Citibank.  See id.;
see also Brawner, 591 F.3d at 987–88;
Air Land Forwarders, Inc., 172 F.3d
at 1341–­43.    

                             c.       Circumstances Indicating Trustworthiness
of                                          Document

 

          The
final factor of Bell is that the
circumstances indicate the trustworthiness of the third-party document.  176 S.W.3d at 92.  In Harris
v. State, cited with approval by Bell,
the third-party document was a manufacturer’s certificate of origin created by
General Motors and received by a local automobile dealership.  Harris
v. State, 846 S.W.2d 960, 963 (Tex. App.—Houston [1st Dist.] 1993, pet.
ref’d).  This Court held the certificate
possessed a high-degree of trustworthiness because “[a]utomobile manufacturers
have a great interest in assuring that the [vehicle identification numbers] on
their products correspond with the appropriate invoices, for without careful,
reliable identification procedures their business would greatly suffer or even
fail . . . .”  Id. (quoting U.S. v. Hines,
564 F.2d 925, 928 (10th Cir. 1977), aff’d,
434 U.S. 1022, 98 S. Ct. 748 (1978)).  In
Air Land Forwarders, Inc., the court
found the third-party documents had “clear indicia of trustworthiness” because
the service members were subject to criminal prosecution for submitting a false
document.  172 F.3d at 1343–44.

          Here,
like General Motors, Citibank must keep careful records of its customer’s
credit card debt, otherwise its “business would greatly suffer or even
fail.”  See Harris, 846 S.W.2d at 963. 
Also, failure to keep accurate records could result in criminal or civil
penalties.  See Tex. Fin. Code Ann.
§ 392.304(a)(8) (Vernon 2006) (prohibiting misrepresentation of amount of
consumer debt); Tex. Fin. Code Ann.
§ 392.402 (Vernon 2006) (providing criminal penalties for violation of Chapter
392 of Texas Finance Code); see also
Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692e(2)(a) (LexisNexis 2005)
(prohibiting misrepresentation of amount of debt); 15 U.S.C.S § 1692l (LexisNexis 2005) (providing for
administrative enforcement of Fair Debt Collection Practices Act).  These circumstances provide an indication of
trustworthiness of the Citibank documents. 
See Harris, 846 S.W.2d at 963;
see also Air Land Forwarders, Inc., 172 F.3d 1338 at 1343–44.

          In
her first issue, Simien asserts Lutz’s affidavit lacks trustworthiness because
Lutz avers that records created by Citibank were records created by
Unifund.  Simien contends the affidavit
does not meet the requirements of 803(6), which states, “the source of
information or the method or circumstances of preparation [must not] indicate
lack of trustworthiness.”  See Tex.
R. Evid. 903(6).  As discussed
above, a record may be “made” by a business although it was initially authored
by a different business.  See GT & MC, Inc., 822 S.W.2d at 258.  Simien’s contention, therefore, lacks
merit.  Simien does not expressly assert
that the underlying documents are not trustworthy; rather, she asserts that
Lutz’s affidavit contains inaccurate statements.  To the extent Simien is attacking Lutz’s
credibility, we note that the trier of fact is the sole judge of the
credibility of a witness and the weight to give his testimony.  See
Georgia-Pacific Corp. v. Stephens, 239 S.W.3d 304, 308 (Tex. App.—Houston
[1st Dist.] 2007, pet. denied). 

          Within
her first issue, Simien also challenges the circumstances indicating the
trustworthiness of the documents by contending Lutz is not qualified to testify
about the Citibank documents because he did not state that he or anyone from
Unifund knew of the events or conditions recorded in Citibank’s records or had
knowledge of the manner in which Citibank prepared the documents.  Personal knowledge of the record-keeping
practices of the third-party is not required under the line of authority
represented by Bell and federal precedent.  See
Bell, 176 S.W.3d at 92 (rejecting argument that third-party documents can
only be admitted when witness from that third-party lays foundation for
business records exception in addition to witness from incorporating business);
see also Air Land Forwarders, Inc.,
172 F.3d at 1343 (noting there is no requirement for first-hand knowledge of
procedures used in original preparation of third-party documents when documents
incorporated into records of another business, records were relied upon, and
there were other indicia of reliability); Harris,
846 S.W.2d at 963–64 (rejecting argument that proponent of business record must
prove personal knowledge of each person who made any notation in record).

          Simien
cites to two cases that state the witness laying the foundation for the
admissibility of business records must have personal knowledge of the
record-keeping practices of the business that created the documents.  See Martinez, 250 S.W.3d at 485
(stating witness laying foundation for admission of business records obtained
from third-party “must have personal knowledge of the manner in which the
records were prepared”); Powell v. Vavro,
McDonald, & Assocs., L.L.C., 136 S.W.3d 762, 765 (Tex. App.—Dallas
2004, no pet.) (holding business records obtained from third party inadmissible
because incorporating business’s witness “was not a qualified witness to
testify about the record keeping of another entity”).  To the extent the opinions in Martinez and Powell conflict with the prior opinions of this Court and federal
precedent concerning Rule 803(6), we decline to follow them.  See
Satterfield v. Crown Cork & Seal Co., 268 S.W.3d 190, 206 n.17 (Tex.
App.—Austin 2008, no pet.) (stating court of appeals not bound by decision of
another court of appeals); Johnson v.
Nacogdoches County Hosp. Dist., 109 S.W.3d 532, 536 (Tex. App.—Tyler 2001,
pet. denied) (stating court of appeals not bound by decisions of sister court);
Eubanks v. Mullin, 909 S.W.2d 574,
576 n.1 (Tex. App.—Fort worth 1995, no writ) (same) (citing Shook v. State, 244 S.W.2d 220, 221 (Tex.
Crim. App. 1951)).

          Simien
asserts that this Court’s decision conflicts with the Fourteenth Court of
Appeals’ decision in Carmouche
v. State, No. 14-03-00768-CR, 2004 WL 2851524, (Tex. App.—Houston
[14th Dist.] Dec. 14, 2004, no pet.) (not designated for publication).  In Carmouche,
the records from Orthopedic Associates’ medical facility included business records from two other hospitals.  Carmouche,
2004 WL 2851524 at *2.  The sponsoring witness failed to mention the
attached medical records in any way.  Id. 
The court observed that the affidavit included only the “basic
predicate” of Rule 803(6).  Id.  The court found that nothing
in the affidavit met the test articulated by this Court in Bell in that it failed to show the attached records had been
incorporated, were relied on by Orthopedic Associates, and the affidavit did
not address trustworthiness.  Id.  Unlike Carmouche, here, Lutz’s affidavit includes more than the “basic
predicate” of Rule 803(6).  Lutz expressly references the documents
attached to the affidavit, and, as we have explained above, includes facts discussing
the contents of the attached documents. 
The decision in Carmouche is
consistent with our holding here.

          The
primary concern in admitting records such as these is their reliability.  Harris,
846 S.W.2d at 964 (citing Hines, 564
F.2d at 928).  Simien does not attack the
reliability of the records, but contends Unifund’s proof supporting the
admission of the records is inadequate.  Unifund
presented evidence to the trial court that met the three factors in Bell. 
See 176 S.W.3d at 92.  Therefore, the trial court properly admitted
the Citibank records as the records of Unifund under the business records
exception.  We overrule Simien’s first
issue.

          C.      Exclusion of Deposition

          In her second issue, Simien contends
the trial court improperly excluded deposition testimony given by Lutz at a
previous trial.  Simien contends the
deposition is admissible as relevant evidence. 
Simien argues the evidence is relevant under Rule 401 because it has a
“tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.”  See Tex. R. Evid. 401.  Simien also asserts the deposition is
relevant under Rule 406 because it shows Lutz’s actions “on a particular
occasion [were] in conformity with [his] habit” of unfamiliarity with
third-party records.  See Tex. R. Evid. 406.  Simien claims the Lutz deposition casts doubt
on the trustworthiness of the Citibank documents attached to the affidavit.

          Determining
admissibility of business records affidavits involves deciding whether “the
source of information or the method or circumstances of preparation indicate a
lack of trustworthiness.”  Tex. R. Evid. 803(6).  Simien does not challenge the trustworthiness
of the source of information or the preparation of the Citibank documents, and
the Lutz deposition is silent about Citibank. 
The excluded excerpts of the Lutz deposition relate only to the
credibility of Unifund’s employee, Lutz, on a different account several months
prior to the events in question.  The
trial court did not abuse its discretion in excluding the Lutz deposition
concerning a different case because that deposition does not pertain to
Citibank and Simien never challenges the trustworthiness of the Citibank
documents.  See Associated Carriages,
Inc. v. Int’l Bank of Commerce, 37 S.W.3d 69, 74 (Tex. App.—San Antonio
2000, pet. denied) (holding trial court’s exclusion of irrelevant evidence was
not abuse of discretion).  We overrule
Simien’s second issue.[1]


Sufficiency of Evidence

          In
her third issue, Simien contends the evidence is legally and factually
insufficient to support many of the trial court’s findings of fact.

          A.      Standard of Review

          “The
final test for legal sufficiency must always be whether the evidence at trial
would enable reasonable and fair-minded people to reach the verdict under
review.”  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005). 
Legal-sufficiency review in the proper light must credit favorable
evidence if reasonable jurors could, and disregard contrary evidence unless
reasonable jurors could not.  Id.  If the evidence would enable reasonable and
fair-minded people to differ in their conclusions, then jurors must be allowed
to do so.  Id. at 822.  A reviewing court cannot substitute its
judgment for that of the trier-of-fact, so long as the evidence falls within
this zone of reasonable disagreement.  Id.
 Although the reviewing court must
consider evidence in the light most favorable to the verdict, and indulge every
reasonable inference that would support it, if the evidence allows only one
inference, neither jurors nor the reviewing court may disregard it.  Id.

          In
determining factual sufficiency, this Court weighs all the evidence, both
supporting and conflicting, and may set the finding aside only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
manifestly unjust.  Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986); Comm’n of Contracts v. Arriba Ltd., 882
S.W.2d 576, 582 (Tex. App.—Houston [1st Dist.] 1994, no writ).  In an appeal from a bench trial, we may not
invade the fact-finding role of the trial court, who alone determines the
credibility of the witnesses, the weight to give their testimony, and whether
to accept or reject all or any part of that testimony.  Nordstrom v. Nordstrom, 965 S.W.2d 575,
580–81 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).

          The
essential elements of a breach of contract claim are: (1) the existence of a
valid contract; (2) performance or tendered performance by the plaintiff; (3)
breach of contract by the defendant; and (4) damages sustained as a result of
the breach.  Williams v. Unifund CCR
Partners Assignee of Citibank, 264 S.W.3d 231, 235–36 (Tex. App.—Houston
[1st Dist.] 2008, no pet.) (citing Winchek v. Am. Express Travel Related
Servs. Co., 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no
pet.)).

          B.      Analysis

          Simien
contends that “if the business records attached to the Lutz affidavit are
excluded, there remains no evidence to support findings of fact 1 through 5.”[2]  Having held that the trial court’s admission
of the business records affidavit was proper, we overrule Simien’s challenges
to findings of fact one, three, and five because those challenges are expressly
conditioned on the exclusion of the business records.   However, as addressed below, Simien does
assert challenges to a portion of finding of fact number two and finding of
fact number four that are not conditional.

          Simien
also makes a conditional challenge to the trial court’s conclusions of law one,
two, four, five, and six.[3]  Simien states these conclusions of law “are
invalid, because they are not supported by any facts if the documents attached
to the Lutz affidavit are excluded.” 
Because we have determined the business records were properly admitted,
we overrule this portion of Simien’s challenge to these conclusions of law.

          The
only challenges by Simien that are not conditioned upon the exclusion of the
business records are that: (1) there is no evidence or insufficient evidence to
support “that part of finding of fact number [two] in which the trial court
found that the purchases made by Simien using the account ‘were at the agreed
prices charged or at the reasonable market value;’”[4]
and (2) there is insufficient evidence to support any damage award over
$10,540.29.

                    1.       Finding
of Fact Number Two

          Assuming
Simien is correct that the evidence is legally and factually insufficient to
support a finding that Simien’s credit card purchases were “at the agreed
prices charged or at the reasonable market value,” we must still affirm.

          “[A]n
appellate court will overrule a challenge to fact findings that underpin a
legal conclusion or disposition when other fact findings that also support that
legal conclusion or disposition go unchallenged.”  Howeth Invs., Inc. v. City of Hedwig
Village, 259 S.W.3d 877, 889 (Tex. App.—Houston [1st Dist.] 2008, pet.
denied) (quoting Britton v. Tex. Dep’t of Crim. Justice, 95 S.W.3d 676,
682 (Tex. App.—Houston [1st Dist.] 2002, no pet.)).  Here, Simien acknowledges the trial court’s
findings of fact “appear to mirror the elements” of Unifund’s claims.  However, whether Simien paid “the agreed
prices” or “the reasonable market value” when making purchases with her
Citibank credit card is not an element of Unifund’s claim for breach of
contract because the credit card agreement does not require payments only for
goods purchased at agreed prices or the reasonable market value.  The remaining findings of fact, which Simien
only challenged conditionally, are sufficient to support the trial court’s
conclusions of law and judgment for Unifund’s claim for breach of
contract.  See Howeth Investments,
Inc., 259 S.W.3d at 889–90 (overruling appellate issue because unchallenged
findings of fact supported trial court’s conclusions of law and judgment).

                    2.       Damages

          In finding of fact number four (and
conclusion of law number one), the court stated, “Said account remains unpaid
damaging [Unifund] in the amount of $34,600.08.”  Simien asserts the evidence is insufficient
to support an award “of any damages over $10,540.29.”  Specifically, Simien contends,

[T]here is nothing in the record which explains how
this account could accrue $24,059.79 in interests and fees between December 18,
2002, the date of the last tendered monthly statement, and May 16, 2008, the
date of the judgment, so that damages could equal $34,600.08
. . . .  There is also
insufficient evidence to support the application of any other interest rate
from December 18, 2002 to May 16, 2008. 
All of the monthly statements reflect that there are different interest
rates imposed . . . . 
Furthermore, none of the admitted records other than the three monthly
statements set forth the applicable interest rate.

 

(Record citations omitted).

          In
his affidavit, Lutz states, “There is presently due, owing and unpaid by the
Defendant, MICHELLE D. SIMIEN, the sum of $34,600.08, as of July 23,
2007.”  Kenney similarly avers, “There is
due and payable from MICHELLE D. SIMIEN .  .  . the amount of
$34600.08.”  Simien presented no
controverting evidence.

          Lutz’s
and Kenney’s affidavits are some evidence from which a reasonable fact-finder
could determine that Simien owed $34,600.08 on her credit card account.  See City of Keller, 168 S.W.3d at
827.  Because no other evidence was
admitted, in weighing all the evidence we conclude the finding of $34,600.08 in
damages is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and manifestly unjust.  See
Cain, 709 S.W.2d at 176.  We hold the
evidence is legally and factually sufficient to uphold the award for damages.  We overrule Simien’s third issue.   

Attorney’s Fees

          In her fourth issue, Simien
challenges the trial court’s award of attorney’s fees.  Specifically, Simien asserts 

If this Court holds that the documents attached to the
Lutz business records affidavit were inadmissible, Unifund will not be able to
prevail on any theory of liability nor can it recover any damages.  Without prevailing on one of its causes of
action and without recovering any damages, Unifund is not entitled to recover
any attorney’s fees.

 

Because we hold the business records
affidavit is admissible, we need not address this conditional challenge.  We overrule Simien’s fourth issue.

Prejudgment Interest

          In
her fifth issue, Simien challenges the trial court’s award for prejudgment
interest, asserting it amounts to a prohibited double recovery of damages.  See Parkway Co. v. Woodruff, 901
S.W.2d 434, 441 (Tex. 1995).  Simien
states the trial court should not award prejudgment interest, calculated here
at a rate of 5.25% from July 23, 2007 through May 16, 2008, the date of the
judgment.  The prejudgment interest is in
addition to damages, which include interest on her principal credit card debt
for defaulting on her payments.  Simien
contends this default interest rate is 21.846% from December 18, 2002, until
May 16, 2008.  Simien asserts the
prejudgment and default interest overlap from July 2007 to May 2008, awarding a
double recovery to Unifund.

          The
prejudgment interest and the credit card account interest are two separate
interest rates for two separate time periods. 
The interest rate for defaulting on credit card payments applied to the
principal debt of $10,540.51 from December 18, 2002 through July 23, 2007.  On July 23, 2007, the business records
affidavit calculates Simien’s debt to Unifund at $34,600.08.  Therefore, before the trial court assessed
any prejudgment interest, the damages had reached $34,600.08.  The prejudgment interest was applied for the
period of time after July 23, 2007. The trial court’s judgment expressly
provides for prejudgment interest “at the rate of 5.25% per annum from July 23,
2007 until date of entry of this judgment.” 
Simien’s argument against prejudgment interest on appeal is not
supported by the record.  We hold there
is no double recovery in this case because the interest allowed by the credit
card did not overlap with the period of time for which the prejudgment interest
was ordered.  We overrule Simien’s fifth
issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                          Elsa
Alcala

                                                          Justice

 

Panel consists of Justices
Keyes, Alcala, and Hanks.











[1]
          In her motion for rehearing and
en banc reconsideration, Simien contends the deposition is also admissible
under Texas Rule of Evidence 806.  See Tex.
R. Evid. 806 (providing for impeachment of hearsay declarant).  However, Simien raises this argument for the
first time in her motion for rehearing. 
It is, therefore, waived.  Coastal Liquids Transp., L.P. v. Harris
County Appraisal Dist., 46 S.W.3d 880, 885 (Tex. 2001) (stating arguments
not raised until motion for rehearing in court of appeals waived).      





[2]
          Findings of Fact one through
five state,

 

            1.         That [Unifund] and [Simien] entered
into an account agreement.

 

            2.         [Simien] did purchase goods and
services at different places upon the         account.  Said purchases were at the agreed prices
charged at the reasonable            market
value.

 

            3.         [Simien] promised to pay for said
account.

 

            4.         Said account remains unpaid damaging
[Unifund] in the amount of $34,600.08.

 

            5.         By failing to pay for said account
pursuant to the terms of the account         agreement,
[Simien] breached the account agreement.

 





[3]
          Conclusions
of Law one, two, four, five, and six state,

 

1.         Said
account remains unpaid damaging [Unifund] in the amount of $34,600.08.

 

2.         Pursuant
to the terms of the account agreement, [Simien] was also responsible for
interest upon the indebtedness, as well as attorney’s fees.

 

4.         [Unifund]
has standing to sue for breach of the account agreement.

 

5.         [Unifund]
performed under the terms of the account agreement.

 

            6.         By failing to pay for said account
pursuant to the terms of the account         agreement,
[Simien] breached the account agreement.

 





[4]
          Although Simien refers to finding of fact four, the quoted language is
in finding number two.