**Opinion issued November 21, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-01168-CV

_____

**ATC HEALTHCARE SERVICES, INC., Appellant**

**V.**

**NEW CENTURY FINANCIAL, INC., Appellee**

On Appeal from the 152nd Judicial District Court
Harris County, Texas
Trial Court Case No. 2007-38981

## MEMORANDUM OPINION

After we remanded this case for resolution of the parties' dispute as to the reasonableness of attorney's fees, the trial court heard additional evidence and entered a second judgment, awarding fees to New Century Financial, Inc. In this

appeal, ATC Healthcare Services, Inc. contends that the trial court abused its discretion in admitting New Century's attorney's fee invoices. Finding no error, we affirm.

## Background

This is the second appeal in a dispute between ATC Healthcare Services and New Century Financial. In the first appeal, we affirmed an award for actual damages in favor of New Century, but remanded the case to the trial court to conduct a trial on attorney's fees. At the hearing on remand, New Century proffered attorney's fees invoices which it had paid to its former counsel. ATC Healthcare objected to the admission of the fee invoices as inadmissible hearsay; the trial court, however, overruled the objection and admitted the invoices under the business records exception.

Richard Judge, New Century's current legal counsel, then testified about the reasonableness and necessity of the legal fees that New Century had incurred and about how the fees should be divided among New Century's claims. The trial court awarded New Century $80,000 in legal fees for the first trial, $5,439 in connection with the proceedings on remand, and conditional appellate attorney's fees.

**Discussion**

*Standard of Review*

ATC Healthcare challenges the trial court's admission of the attorney's fee invoices, save those invoices prepared by Judge. We review the admission and exclusion of evidence for abuse of discretion. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion if it acts without regard to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). A party seeking reversal of a judgment based on evidentiary error must prove that the error probably resulted in an improper judgment. *Alvarado*, 897 S.W.2d at 753.

*Analysis*

ATC Healthcare contends that New Century's witness failed to lay the proper foundation to admit the fee invoices under the business records exception to the hearsay rule. *See* TEX. R. EVID. 803(6). It emphasizes that New Century's witness is an employee of New Century, not an employee of the law firms that prepared and sent the invoices to New Century. Thus, New Century's employee did not have personal knowledge of the manner in which the invoices were prepared.

However, a document prepared by a third party may be admissible under the business records exception if (1) it is incorporated and kept in the course of the

3

testifying witness's business; (2) that business typically relies upon the accuracy of the contents of the document; and (3) the circumstances otherwise indicate the trustworthiness of the document. *Bell v. State*, 176 S.W.3d 90, 92 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *see also Harris v. State*, 846 S.W.2d 960, 963–64 (Tex. App.—Houston [1st Dist.] 1993, writ ref'd). New Century's witness testified that New Century kept the attorney's fee invoices in the regular course of its business. She testified that New Century paid the invoices in full. By paying the invoices in full, New Century relied on the accuracy of the contents of the invoices, and demonstrated personal knowledge of the amounts it had incurred.[1]

Importantly, New Century proffered an attorney as an expert witness, who testified without objection to the reasonableness and necessity of the fees charged in the invoices and segregated out non–recoverable amounts. *See* TEX. R. EVID. 703 (expert may base opinion on facts made known to expert at or before hearing); *see also Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas 2008, no pet.) (holding that attorney can opine about reasonableness of client's former attorney's fees); *Brazos Elec. Power Coop., Inc. v. Weber*, 238 S.W.3d 582, 584 (Tex. App.—Dallas 2007, no pet.) (holding that

---

[1] We note that the invoices may contain specific matters within them that do not fall within the hearsay exception for business records. But trial counsel did not ask for a limiting instruction in connection with the records' admissibility or request that any particular part of the invoices be redacted. *See* TEX. R. EVID. 105.

attorney can opine about reasonableness of another attorney's fees); *Liptak v. Pensabene*, 736 S.W.2d 953, 957 (Tex. App.—Tyler 1987, no writ) (same). Given these facts, we hold that the trial court did not abuse its discretion in concluding that the records were trustworthy and in considering the fee invoices.

## Conclusion

We hold that the trial court did not abuse its discretion in admitting the attorney's fee invoices. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

5